Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
*Attorneys for Plaintiff*,
*Henry Juangco*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

HENRY JUANGCO,

    Plaintiff,

vs.

CAPITAL ONE FINANCIAL, CORP.;
CLIENT SERVICES, INC.,

    Defendant.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. TCPA, 47 U.S.C. § 227
2. RFDCPA, Cal. Civ. Code § 1788
3. FDCPA, 15 U.S.C. § 1692

**(Unlawful Debt Collection Practices)**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Henry Juangco ("Plaintiff"), through his attorneys, alleges Count I and Count II against Defendants, Capital One Financial Corp., ("Capital One") and Client Services, Inc., ("Client Services"), and alleges Count III against Client Services:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendants transact business here; personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in Harbor City, Los Angeles County, California.

8. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h).*

9. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

10. Defendant Capital One is a creditor engaged in the business of giving loans with its principal place of business located in McLean, Virginia. Defendant can be served with process 1680 Capital One Drive, McLean, Virginia 22102.

11. Defendant Client Services, Inc. a debt collector engaged in the business of collecting debts with its principal place of business located in Charles, Missouri. Defendant can be served with process 3451 Harry S Truman Blvd., St. Charles, Missouri 6330.

12. Defendants are debt collectors as that term is defined by Cal. Civ. Code §1788.2(c).

13. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

14. Capital One was attempting to collect a debt from Plaintiff.

15. In or around July 2016, Capital One began placing calls to Plaintiff's cellular phone number (310) 347-5280, in an attempt to collect a debt.

16. The calls mainly originated from (800) 955-6600, (818) 638-9534, and (310) 955-1429. Upon information and belief, these numbers are owned or operated by Defendants.

17. On or about July 18, 2016, at 7:34 p.m., Plaintiff answered a call from Capital One originating from (800) 955-6600; Plaintiff spoke with a Representative, Kat.

18. Capital One informed Plaintiff that it was attempting to collect a debt.

19. During that call, Plaintiff asked for calls to his cell phone to cease. Despite his request, Plaintiff continued to receive calls on his cellular phone.

20. On or about July 19, 2016 at 11:13 p.m., Plaintiff received another phone call from Capital One originating from (800) 955-6600; Plaintiff spoke with a Representative. Ron.

21. Capital One informed Plaintiff that it was attempting to collect a debt.

22. During that call, Plaintiff asked for calls to his cell phone to cease, a second time. Despite his request, Plaintiff continued to receive calls on his cellular phone.

23. Between July 20, 2016 and January 3, 2017, Plaintiff was called approximately one hundred and sixty (160) times after having unequivocally revoked consent to be contacted on his cellular phone.

24. On or about January 5, 2017 at 8:44 a.m., Plaintiff received another phone call from Capital One originating from (800) 955-6600; Plaintiff spoke with a Representative, Andy.

25. Capital One informed Plaintiff that it was attempting to collect a debt.

26. During that call, Plaintiff asked for calls to his cell phone to cease, a third time. Despite his request, Plaintiff continued to receive calls on his cellular phone.

27. On or about February 10, 2017 at 10:22 a.m., Plaintiff received a phone call from Client Services calling on behalf of Capital One originating from (818) 638-9534; Plaintiff spoke with a Representative.

28. Client Services informed Plaintiff that it was attempting to collect a debt for Capital One.

29. During that call, Plaintiff asked for calls to his cell phone to cease, a fourth time. Despite his request, Plaintiff continued to receive calls on his cellular phone.

30. On or about February 13, 2017 at 9:06 a.m., Plaintiff received a phone call from Client Services calling on behalf of Capital One originating from (310) 955-1429; Plaintiff spoke with a Representative.

31. Client Services informed Plaintiff that it was attempting to collect a debt for Capital One.

32. During that call, Plaintiff asked for calls to his cell phone to cease, a fifth time. Despite his request, Plaintiff continued to receive calls on his cellular phone.

33. Defendants contacted Plaintiff's cellular telephone approximately one hundred and eighty-five (185) times after having unequivocally revoked consent to be contacted.

34. The conduct was not only willful, but was done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

35. As a result of Defendants' conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

36. Plaintiff is employed as a District Manager for a company, and utilizes his cellular phone when on the job, travelling between stores in the Bay Area.

37. Due to Defendants' incessant calls, Plaintiff has received complaints related to phone calls from Defendant while in meetings or on site.

38. Defendants' phone calls have routinely interrupted Plaintiff while utilizing his

navigation system; at times Plaintiff would miss turns or stops and have to back track.

39. Defendants' conduct induced stress, anxiety, and embarrassment in his place of work.

## COUNT I
### (All Defendants)
### (Violations of the TCPA, 47 U.S.C. § 227)

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Defendants violated the TCPA. Defendants' violations include, but are not limited to the following:

    a) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b) Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic

telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

42. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**(All Defendants)**
**(Violations of the RFDCPA, Cal. Civ. Code § 1788)**

43. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

44. Defendants violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

　　a. Defendants violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

　　b. Defendants violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

　　　　i. Defendants violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of

     which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

  ii. Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

  iii. Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

45. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
### (Defendant Client Services Incorporated)
### (Violations of the FDCPA, 15 U.S.C. § 1692)

46. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

47. Client Services violated the FDCPA. Client Services' violations include, but are not limited to, the following:

 a. Client Services violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

    b. Client Services violated 15 USC 1692e(2)(A), by falsely representing the character, amount or legal status of any debt;

    c. Client Services violated 15 USC 1692e(10), by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

    d. Client Services violated 15 USC 1692f(1), by using unfair or unconscionable means to collect or attempt to collect any debt. Specifically, the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

48. Client Services' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

49. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Henry Juangco, respectfully requests judgment be entered against Defendants, Capital One Financial Corp. and Client Services, Inc., for the following:

    A. Declaratory judgment that Defendants violated the RFDCPA;

    B. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b);

C. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

D. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c);

E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: April 7, 2017          By: */s/ Stuart Price*
                                  Stuart Price, Esq.
                                  15760 Ventura Blvd., Suite 800
                                  Encino, CA 91436
                                  Tel: 818-907-2030
                                  stuart@pricelawgroup.com
                                  Attorneys for Plaintiff